FILED

14 SEP -4 PM 3: 08

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVID WILLIAMS,<br>　　　　　Petitioner,<br>　v.<br>PEOPLE OF THE STATE OF CALIFORNIA,<br>　　　　　Respondent. | Civil No.　14cv1644-WQH (DHB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　Petitioner, a person detained at the San Diego City Jail awaiting trial on state criminal charges, is proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner alleges his federal constitutional rights have been violated during pre-trial proceedings, and requests this Court order his release or order the state court to dismiss the charges against him. (See Pet. at 3-9.)

　　　The Petition must be dismissed because it is clear that this Court is barred from consideration of the claims by the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Id. at 45-46; see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (stating that Younger "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state

1 | prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot.
2 | Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983).

3 |     Absent extraordinary circumstances, abstention under Younger is required when: (1) state
4 | judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and
5 | (3) the state proceedings afford an adequate opportunity to raise the federal issues. Columbia
6 | Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001). All three of these
7 | criteria are satisfied here. At the time Petitioner filed the instant Petition, he admits that he is
8 | awaiting jury trial on criminal charges in San Diego County Superior Court. (See Pet. at 3-9.)
9 | Thus, Petitioner's criminal case is still ongoing in the state courts. Further, there is no question
10 | that the state criminal proceedings involve important state interests.

11 |     Petitioner has not indicated an inability to petition the state appellate or supreme court to
12 | address his claims. See People v. Pompa-Ortiz, 27 Cal.3d 519, 529 (1980) (recognizing that an
13 | application for an extraordinary writ may be made to the state appellate court regarding non-
14 | jurisdictional pre-trial errors); People v. Phillips, 169 Cal.App.3d 632, 639 (Cal.App.Ct. 1985)
15 | (same with respect to choice of counsel claims). In fact, Petitioner indicates that he has filed
16 | writs in the state courts, is awaiting a disposition of his habeas petition in the state appellate
17 | court, and states that he intends to continue to seek remedies in the state courts. (See Pet. at 4;
18 | see also ECF No. 4 at 2.) Because the state courts provide Petitioner an opportunity to raise his
19 | claims in state court, abstention is required. See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.
20 | 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal
21 | interposition by way of injunction or habeas corpus until after the jury comes in, judgment has
22 | been appealed from that the case concluded in the state courts.")
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

## CONCLUSION

For the foregoing reasons, the Petition is **DISMISSED** without prejudice. See <u>Juidice v. Vail</u>, 430 U.S. 327, 337 (1977) (holding that if <u>Younger</u> abstention applies, a court may not retain jurisdiction but should dismiss the action); <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

**IT IS SO ORDERED.**

DATED: 9/3/14

William Q. Hayes
United States District Judge